USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re PARMALAT SECURITIES LITIGATION

This document relates to: 06 Civ. 0383, 06 Civ. 3109

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER DOCKET
04 MDL 1653(LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge.*

On August 8, 2007, the Court granted the motions of Deloitte USA, DTT, Deloitte Italy, Grant Thornton International, Grant Thornton USA, the Bank of America Defendants, the Credit Suisse Defendants, and Banca Nazionale del Lavoro to dismiss the second amended complaints in these actions as well as the motion of Banca Intesa to dismiss the second amended complaint in No. 06 Civ. 0383 (LAK). Judgment was entered on August 23, 2007. On September 4, 2007, the Court denied plaintiffs' motion for reconsideration or, alternatively, leave to amend. *In re Parmalat Sec. Litig.*, 501 F. Supp. 2d 560 (S.D.N.Y. 2007). In denying leave to amend, the Court noted, among other things, that the alternative motion for leave to amend was unaccompanied by proposed third amended complaints or by any suggestion as to how plaintiffs might attempt to remedy the dismissed second amended complaints.

Plaintiffs now move to vacate the judgment and either to vacate the order of dismissal or to amend it to permit plaintiffs to file proposed third amended complaints submitted with the motion.

Plaintiffs maintain that relief under Rule 59(e) is available to (1) correct manifest errors of law or fact upon which the judgment is based, (2) take account of newly discovered evidence, (3) prevent manifest injustice, or (4) take account of an intervening change in the law. Accepting that *arguendo* as the applicable standard, plaintiffs have not satisfied it.

First, plaintiffs have failed to demonstrate any error of fact or law, let alone any manifest error, either with respect to the dismissal or the denial of leave to amend. It is worth noting that the denial of leave to amend, which was justified on several grounds, would have been appropriate even if based solely upon plaintiffs' failure to submit proposed amended complaints with their motion to reconsider or amend. *E.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("failure to submit a draft amended complaint is fatal to a request for leave to amend"); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913-14 (8th Cir. 2002) ("in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion") (quoting *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985)); *Richardson Greenshields Sec., Inc. v. Mui-Hin Lau*, 113 F.R.D. 608, 610-11 (S.D.N.Y. 1986) (same); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1485, at 603 (1990) ("copy of the [proposed] amendment should be submitted with the motion"); *see McNamara v. Pre-Paid Legal Servs., Inc.*, 189 Fed. Appx. 702, 718 (10th Cir. 2006) ("request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment") (internal quotation marks and citation omitted); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment"); *Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) (motion must

be accompanied by proposed pleading or at least put opposing party on notice of content of amendment); *Nat'l Union of Hosp. & Health Care Employees, RWDSU, AFL-CIO v. Carey*, 557 F.2d 278, 282 (2d Cir. 1977). The fact that plaintiffs now have submitted proposed amended complaints does not render the previous denial of leave to amend a manifest error of law. And surely plaintiffs, having put the Court to the burden of deciding the last motion to dismiss, are not entitled to yet another bite at the apple.

Second, relief is not warranted to take account of newly discovered evidence. Plaintiffs' motion is accompanied by four volumes containing 54 exhibits totaling several hundred pages. This material includes documents and testimony obtained through discovery and reports of plaintiffs' experts. Pls. Mem. 1. Plaintiffs concede, however, that discovery was completed while the motions to dismiss were pending. *Id.* n.1. Thus, all of this material was available to plaintiffs before the motions to dismiss were decided and before plaintiffs moved for reconsideration of the August 8 decision or for leave to amend. They offer no explanation whatsoever for failing to have sought leave to amend before the Court spent a great deal of time and effort deciding the motions to dismiss the second amended complaints. Nor do they attempt to justify their failure to submit proposed third amended complaints with their motion for reconsideration or, in the alternative, leave to amend.

Third, plaintiffs point to no manifest injustice.

Finally, the only intervening change in law to which plaintiffs point is the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007). But the motions to dismiss were decided in light of those cases, though the result in any case would have been the same based on prior law. And plaintiffs' contention that they should be allowed to amend because *Bell Atlantic* and *Tellabs* raised the bar is entirely unconvincing in light of the bases for this Court's decision and its conclusion that it would have dismissed even under the standards that obtained prior to those rulings.

For the foregoing reasons, as well as those previously expressed to the extent applicable in this context, the motions to alter or amend the judgment [04 MD 1653 docket item 1497, 06 Civ. 0383 docket item 443, 06 Civ. 3109 docket item 133] are denied. The motions to file under seal [04 MD 1653 docket item 1498, 06 Civ. 0383 docket item 444, 06 Civ. 3109 docket item 134] are granted. Any pending motions in these two cases are denied as moot and shall be terminated by the Clerk.

SO ORDERED.

Dated:        October 30, 2007

_____
Lewis A. Kaplan
United States District Judge